**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL RICHARDSON | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 25-cv-6467 |
| | ) | |
| v. | ) | |
| | ) | COMPLAINT FOR VIOLATION OF |
| Village of Maywood, and Maywood | ) | CIVIL RIGHTS |
| Police Officer Aaron Gibson, Star No. | ) | |
| 334, | ) | |
| | ) | |
| Defendants. | ) | **JURY DEMANDED** |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331 and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, Plaintiff Michael Richardson ("Richardson") was within the jurisdiction of this court.

4. At all times herein mentioned, Maywood Police Officer Aaron Gibson, Star No. 334 ("Gibson") was employed by the Maywood Police Department and was acting under color of state law and as the employee, agent, or representative of the Maywood Police Department. This Defendant is being sued in his individual capacity.

5. At all times herein mentioned, the Village of Maywood was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the Village of Maywood maintained, managed, and/or operated the Maywood Police Department.

## FACTUAL ALLEGATIONS

6. On June 12, 2023, Plaintiff was arrested by Gibson in the Village of Maywood.

7. At the time of Plaintiff's arrest Officer Gibson was not aware of any facts that amounted to probable cause to arrest Plaintiff.

8. Plaintiff had not committed any crime.

9. Plaintiff was not about to commit any crime.

10. There was not an active warrant for plaintiff's arrest.

11. After arresting plaintiff and transporting him to the Maywood Police Department Gibson documented the alleged basis for Plaintiff arrest in two criminal complaints signed by Gibson.

12. One of the criminal complaints alleges that Plaintiff committed the crime of battery by allegedly making physical contact with an alleged victim by pushing through the front door of a residence.

13. Gibson signed this complaint knowing it was false because he knew plaintiff never made any contact with the alleged victim and knew that plaintiff had not pushed through the front door of a residence.

14. The second criminal complaint signed by Gibson alleges that plaintiff committed the crime of resisting a police officer by violently pulling his arms away from Gibson and refusing all verbal commands in an attempt to defeat arrest.

15. Gibson signed this complaint knowing it was false because he knew that prior to his arrest plaintiff had complied with multiple police orders and cooperated with a police investigation, was not violent with Gibson, and did not resist arrest.

16. Gibson used an unreasonable and unnecessary amount of force against plaintiff during the arrest, including but not limited to choking plaintiff with his hands/arms to the point plaintiff could not breathe.

17. Plaintiff had not engaged in any act that required Gibson to use physical force against plaintiff.

18. The other criminal complaint against Plaintiff and signed by Gibson falsely alleged that plaintiff.

19. No warrant had been issued for Plaintiff's arrest.

20. On June 20, 2023, the felony complaints signed by Gibson were filed in the Circuit Court of Cook County.

21. Gibson did not possess probable cause to charge Plaintiff with either of the crimes contained in the complaints he signed against plaintiff.

22. Plaintiff appeared in court to defend himself against charges that were initiated and/or continued by Gibson.

23. On April 2, 2025, all criminal charges against Plaintiff were dismissed due to a lack of evidence.

24. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

25. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

26. By reason of the above-described acts and omissions of Defendants Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**COUNT I**
**Plaintiff against Gibson for**
**UNREASONABLE SEIZURE**

27. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-six (26) hereat as though fully set forth at this place.

28. By reason of Defendant's conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments of the Constitution of the United States and laws enacted thereunder.

29. The arbitrary intrusion by Defendant, into the security and privacy of Plaintiff's person was in violation of Plaintiff's constitutional rights and not authorized by law. Defendant violated Plaintiff's rights in the following manner: (1) Defendant caused the seizure of Plaintiff's person without any legal cause. These acts were in violation of Plaintiff's Fourth and/or Fourteenth Amendment rights. Therefore, Defendants, are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**COUNT II**
**Plaintiff against Gibson for**
**EXCESSIVE FORCE**

30. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-six (26) hereat as though fully set forth at this place.

31. By reason of Gibson's conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments of the Constitution of the United States and laws enacted thereunder.

32. The arbitrary and unreasonable use of force by Gibson against Plaintiff's person was in violation of Plaintiff's Constitutional Rights and not authorized by law. These acts were in violation of Plaintiff's Fourth and/or Fourteenth Amendment rights. Therefore, Gibson is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**COUNT III**
**Plaintiff against Gibson for**
**MALICIOUS PROSECUTION**
**(FOURTH AMENDMENT)**

33. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-six (26) hereat as though fully set forth at this place.

34. Defendant caused Plaintiff to be subjected to criminal prosecution, a pretrial detention, and/or deprivation of his liberty without probable cause.

35. Defendant did not have probable cause to believe Plaintiff committed battery or engaged in resisting a police officer or cause him to be criminally prosecuted and/or subjected to any pretrial restriction of his liberty.

36. Defendant knew that any pre-trial detention and/or criminal prosecution were not based upon sufficient evidence to reasonably conclude Plaintiff had committed or both of the criminal charges against Plaintiff.

37. The criminal charges Defendant initiated against Plaintiff terminated in Plaintiff's favor when all charges were dismissed due to lack of evidence on April 2, 2025.

38. As a result of the foregoing, Plaintiff has sustained damage, including but not limited to, emotional distress.

39. By reason of Defendant's conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment of the Constitution of the United States and laws enacted thereunder.

40. The arbitrary intrusion by Defendants into the security and privacy of Plaintiff's person was in violation of Plaintiff's constitutional rights and not authorized by law. Defendants violated Plaintiff's rights in the following manner: (1) Causing Plaintiff to be subjected to a criminal prosecution and/or pretrial detention that restrained his liberty, without any probable cause for the prosecution or detention, was in violation of Plaintiff's Fourth Amendment rights. Therefore, Defendant are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**COUNT IV**
**Plaintiffs Against Gibson and the Village of Maywood For**
**MALICIOUS PROSECUTION**
**(ILLINOIS TORT CLAIM)**

41. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-six (26) hereat as though fully alleged at this place.

42. Defendant Gibson, who was employed by the Village of Maywood, maliciously commenced and/or caused to be continued legal proceedings against Plaintiff alleging that he committed a battery and resisted a police officer.

43. Defendant Gibson subjected Plaintiff to a criminal prosecution for battery and resisting a police officer without probable cause.

44. Plaintiff did not commit the crimes of battery or resisting a police officer as alleged in criminal complaints signed by Gibson.

45. The criminal charges Gibson initiated against Plaintiff terminated in Plaintiff's favor when the charges were dismissed due to lack of evidence on April 2, 2025.

46. As a result of Defendant Gibson causing these baseless legal proceedings Plaintiff was injured emotionally and otherwise.

47. The Village of Maywood is liable to Plaintiff for the acts of Defendant Gibson pursuant to the doctrine of *respondeat superior*.

48. Therefore, Defendants Gibson, and the Village of Maywood are liable under the supplemental Illinois tort claim of Malicious Prosecution.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, Ltd. requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants be required to pay Plaintiff's attorney's fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That Defendant Gibson be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

BY: s/Garrett Browne

ED FOX & ASSOCIATES, Ltd.
Attorneys for Plaintiff
118 N. Clinton, Suite 425
Chicago, Illinois 60661
(312) 345-8877
gbrowne@efoxlaw.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY: s/Garrett Browne

ED FOX & ASSOCIATES,- Ltd.
Attorneys for Plaintiff
118 N. Clinton, Suite 425
Chicago, Illinois 60661
(312) 345-8877
gbrowne@efoxlaw.com